IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | | |
|---|---|---|
| CHRIS POE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:2:11-CV-039-DPM |
| | § | |
| POLARIS INDUSTRIES, INC. AND | § | |
| FLOYD, INC. D/B/A SUNRISE | § | |
| YAMAHA MOTOR SPORTS | § | |

## **PROTECTIVE ORDER**

Polaris Industries Inc. ("Polaris") may produce in this action certain documents and materials regarding design (drawings and specifications), testing, and other memoranda or documents discussing design, testing and/or marketing strategies, that Polaris contends are, in whole or in part, confidential competitively sensitive, trade secret, and proprietary to Polaris. With regard to these documents, materials and information produced by Polaris, the parties hereby agree that a Protective Order is appropriate and can be entered to govern the confidential material as follows:

1. Any documents, materials, or information pertaining to design (drawings and specifications), testing and/or other memoranda or documents discussing design, testing and/or marketing strategies, produced or disclosed in this action by Polaris and designated by Polaris as being confidential (including any copies, recordings, discs, prints, negatives, summaries, or the contents or substance thereof) shall not be shown or otherwise divulged, and the fact of the existence thereof shall not be disclosed, to any entity or person except the attorneys and their employees, experts and consultants specifically employed and retained by the parties to this lawsuit for use only in connection with this action.

2. All documents or other materials pertaining to design (drawings and specifications), testing and/or other memoranda or documents discussing design, testing and/or marketing strategies, that Polaris believes are confidential and need the

protection of this Protective Order will be marked "Protected by Court Order" prior to the time the documents or other materials are produced or disclosed or will be specifically designated as such in a writing provided contemporaneously with their production.

3. All experts and/or consultants of the plaintiff in this action to which such documents, materials, and information are intended to be disclosed, shall be first presented with a copy of this Protective Order and after reading same, shall agree to follow the terms of this Protective Order. Any documents or information provided under the terms of this Protective Order shall be used only for purposes of this litigation and shall not be given, shown, or otherwise divulged to any other entity or person not associated with this case.

4. To the extent plaintiff disagrees with the designation given by Polaris to any documents or other materials, plaintiff agrees to apprise counsel for Polaris of the reasons for disagreement and the uses plaintiff wishes to make of the documents which would be prohibited by the terms of this Protective Order. If the parties are unable to reach an accommodation, the issue will be raised with the Court through an appropriate motion filed by the plaintiff and Polaris will have the burden of establishing that the documents or other materials in question are deserving of the protection of this Protective Order under then existing common law precepts concerning trade secret commercial confidentiality or similar justification. Plaintiff agrees to allow adequate time to raise the issue with the Court before making use of any document or other material that violates this Protective Order.

5. All transcripts, depositions, exhibits, or other pleadings or filings in this action that contain or otherwise set forth documents, information, or other materials, or

the contents thereof, which have been previously designated by Polaris as confidential, or "Protected by Court Order," shall likewise be subject to the terms of this Protective Order. Designations of confidentiality must be made within 30 days of receipt of the transcript.

6. If any confidential document or confidential information is used in or with any pleading, motion, paper, or deposition, then the confidential document or confidential information shall be redacted to the extent practical and necessary to preserve confidentiality. For instance, a personnel document which only contains confidential information such as a birth date, social security number, or salary information should be redacted to exclude that information, and then used. Or, if the identity of the individual needed to be protected, the document could be redacted to exclude the name of that individual. See Fed. R. Civ. P. 5.2 and Advisory Committee Notes. If redaction is impracticable, or would remove information necessary to the Court's decision, then, and only then, the motion or paper or exhibit should be marked Protected and filed under seal and unredacted.

7. Upon conclusion of this action, by judgment, appeal, settlement or otherwise, counsel for plaintiff shall return to counsel for Polaris all documents or other materials produced by Polaris that were marked "Protected by Court Order," including the return of any and all copies, recordings, prints, discs, negatives, or summaries thereof (including but not limited to any such materials in the possession of any attorneys and their employees, experts, or consultants), except those comprising any trial or appellate court record, or destroy such documents and provide Polaris with an affidavit verifying that the documents have been destroyed and the method of their

destruction. At the same time, counsel for plaintiff shall provide to counsel for Polaris an affidavit stating that they, their employees, and their consultants have in good faith sought to comply with the provisions of this Protective Order and identifying each expert to whom they have given, shown, or otherwise divulged any documents or materials designated as confidential or marked "Protected by Court Order". Each such expert also shall return all documents or other materials designated "Protected by Court Order," including all copies, prints, and negatives or summaries of such documents in their possession, and shall provide an affidavit stating that the received a copy of this Protective Order and that they in good faith have sought to comply with its provisions. Any confidential documents and materials that comprise any portion of the trial or appellate record shall remain confidential and shall continue to be sealed in accordance with the terms of Paragraph 5 of the Protective Order.

8.  In the event this agreement is not complied with, either party may put this matter into issue, and seek an Amended Protective Order consistent with the above terms.

DATED: _24 January 2012_

_____
THE HONORABLE D.P. MARSHALL JR.